UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARISSA FAIRCHILD ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ASHLEY-HUDSON POLICE DEPARTMENT, ) <br> TOWN OF ASHLEY, SHANE RICHARDS, ) <br> STEUBEN COUNTY SHERIFF'S ) <br> DEPARTMENT, CHASE PFEFFERKORN, and ) <br> ANTHONY JAMES BOWMAN ) <br> ) <br> Defendants. ) <br> ) <br> ) | CASE NO.1:23 CV 467 HAB-SLC |

## OPINION AND ORDER

On April 19, 2023, fourteen-year-old Jaden Bowman ("Jaden") died after the car he was operating hit a tree during a high-speed chase with Defendant Shane Richards ("Ofc. Richards"), an officer of the Ashley-Hudson Police Department (collectively the "Town Defendants"). While the chase was ongoing, Defendant Chase Pfefferkorn ("Deputy Pfefferkorn") of the Steuben County Sheriff's Department (individually, "SCSD"; collectively the "County Defendants"), deployed stop sticks to disable the vehicle. The stop sticks punctured Jaden's vehicle tire as he ran over them, Jaden lost control of the vehicle, hit a tree and sustained life-ending injuries.

Plaintiff and Jaden's mother, Marissa Fairchild ("Fairchild"), filed the present suit asserting negligence claims against the departments and officers that engaged in the chase. She also asserts claims pursuant to 42 U.S.C. §1983 and 1988 against the defendants. (Second Am. Compl., ECF No. 27). Before the Court is a Motion to Dismiss filed by the County Defendants asserting that the state law negligence claim against them is barred by the Indiana Tort Claims Act ("ITCA") and its

notice requirements. (ECF No. 40). For the reasons below, the Motion to Dismiss Count III of the Second Amended Complaint will be DENIED.

## DISCUSSION

1. **Well-Pleaded Factual Allegations**

The County Defendants' motion attacks the negligence claim in Count III of the Second Amended Complaint. As such, this Court will only set forth the pertinent facts of that claim.

Plaintiff's complaint asserts that near the end of the high-speed chase that resulted in the death of Jaden, Ofc Richards was informed by Deputy Pfefferkorn, who was acting in the scope of his employment with the Steuben County Sheriff's Department, that "stop sticks" were successfully deployed on the vehicle. The Complaint further alleges that Deputy Pfefferkorn's action in deploying the "stop sticks" caused one or more of the tires on the van being driven by Jaden to become punctured, which was responsible for causing Jaden to lose control of the vehicle, leave the road, and hit the tree. Plaintiff asserts that Deputy Pfefferkorn's action in deploying the "stop sticks" was not reasonably warranted under the circumstances and his actions in deploying the "stop sticks" violated one or more of his department's policies and procedures.

With respect to the SCSD, the complaint alleges that it is vicariously liable for the negligence of its deputy. Additionally, Plaintiff asserts that the SCSD is independently negligent because it: (1) failed to establish appropriate policies and procedures regarding the use of stop sticks during high-speed pursuits prior to the death of Jaden; (2) failed to train its officers, including Deputy Pfefferkorn, regarding its policies and procedures regarding high-speed pursuits prior to the death of Jaden; and (3) failed to make sure that its officers, including Deputy Pfefferkorn, adhered to policies and procedures regarding use of stop sticks during high-speed pursuits.

2

As it relates to the ITCA, the complaint generally alleges compliance with the notice requirements. Likewise, it alleges that "[t]o the extent that the tort claim notice statute is deemed to apply to this claim, it has been rendered moot by the doctrines of 'substantial compliance', 'waiver', and/or 'estoppel'." The complaint goes on to assert that Fairchild had no knowledge of the involvement of Deputy Pfefferkorn or his employer in the high-speed chase that resulted in her son's death, nor did she have any reasonable means of learning about their involvement, until after 180 days had expired. Further, the Complaint states that the County Defendants "were specifically aware well before 180 days after the crash of the facts of the crash itself, its location, the people involved, how the collision occurred, who was at fault, the fact that injuries to both people and property occurred, witnesses to the crash, and the addresses of the persons who were harmed." As a result of this knowledge, the County Defendants "had a full and fair opportunity to investigate the crash within the first 180 days after the crash." (Second Am. Compl. Count III ¶¶s 21, 23-25).

### 2. Legal Standard

Before setting forth the appropriate legal standard, the Court must preliminarily resolve the question, raised in Plaintiff's response, of whether the County Defendants have properly invoked Fed. R. Civ. P. 12(b)(6) to seek dismissal of the state law claim against them.

Plaintiff asserts that the County Defendants "technically violated" Rule 12(b)(6) because the motion was filed after its answer. Rule 12 requires that a defendant file an answer to a complaint within 21 days after being served with the complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). However, a defendant may file a motion presenting a defense under Rule 12(b) "before" filing her answer. Because the County Defendants filed their answer first and their motion second, Fairchild argues that the 12(b)(6) motion is technically the wrong procedural vehicle for its motion. But even assuming plaintiff is correct, the Court may simply treat the motion as one for judgment on the

3

pleadings pursuant to Rule 12(c) and consider it under that framework. *Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1116 (7th Cir. 1970) ("A motion to dismiss made after the filing of an answer serves the same function as a motion for judgment on the pleadings and may be regarded as one.").

There is also an even more technical reason to treat the motion to dismiss as a motion for judgment on the pleadings, not raised by the parties. The foundation of the County Defendants' motion is that Fairchild failed to comply with the Indiana Tort Claims Act (ITCA") notice requirements. The failure to serve notice under the ITCA is an affirmative defense. *Brown v. Alexander*, 876 N.E.2d 376, 283–84 (Ind. Ct. App. 2007). And a complaint need not anticipate an affirmative defense to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Thus, a motion to dismiss is usually only granted if a plaintiff pleads facts that show the claim is barred by the affirmative defense. *See, e.g., Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718-19 (7th Cir. 1993) ("A complaint that on its face reveals that the plaintiff's claim is barred by a statute of limitations ... can be dismissed on a motion to dismiss.").

Rule 8(c) states: "In response to a pleading, a party must affirmatively state any avoidance or affirmative defense…" Fed. R. Civ. P. 8(c). Thus, as the rule suggests, the proper way to seek a dismissal based on an affirmative defense is not by a motion to dismiss under Rule 12(b)(6), "[r]ather, the defendant should answer and then move under Rule 12(c) for judgment on the pleadings." *Burton v. Ghosh*, 961 F.3d 960, 965 (7th Cir. 2020). Indeed, "[f]ailure to follow this process may 'deprive[ ] the opposing party of precisely the notice that would enable it to dispute the crucial issues of the case on equal terms.'" *Id. (quoting Harris v. Sec'y, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 343 (D.C. Cir. 1997); see also *Blonder-Tongue Laboratories, Inc. v. University of Illinois Found.*, 402 U.S. 313, 350 (1971) (purpose of Rule 8(c) is to give opposing

4

party notice of affirmative defense and opportunity to contest it). Thus, since it had already filed its answer, the County Defendants should have brought its motion pursuant to Rule 12(c).

Despite this technicality, the Court will use its discretionary authority to decide the matter as if it had been presented under Fed. R. Civ. P. 12(c). *Wardingley v. Ecovyst Catalyst Techs., LLC*, 2022 WL 16714139, at *2 (N.D. Ind. Nov. 4, 2022) (finding the procedural defect to be of no consequence because the Court had all it needed to rule on the defense); *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010) (finding that although the district court judge "jumped the gun" by dismissing the case under Rule 12(b)(6), the error was harmless since the court had all it needed to rule and the plaintiff did not object).[1]

A converted Rule 12(c) motion is evaluated under the same standard as a Rule 12(b)(6) motion, and therefore "courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citation omitted). This means that a Rule 12(c) motion will be granted "only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law." *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). In the present case, if the affirmative defense "clearly is established in the pleadings ... and no question of fact exists, then a judgment on the pleadings may be appropriate." 5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1368 (2018). To the contrary, however, "when material issues of fact are raised by the answer and the defendant seeks judgment on the pleadings on the basis of this matter, his motion cannot be granted." *Id.*; *see also Burlington Ins. Co. v. Phillips-Garrett, Inc.*, 37 F. Supp. 3d 1005,

---

[1] The Seventh Circuit strongly warns district courts to avoid *granting* 12(b)(6) motions based on affirmative defenses, *Brownmark Films, LLC, v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

5

1010 (S.D. Ill. 2014) (citing *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423 (7th Cir. 1996) ("Material issues of fact ... preclude judgment on the pleadings.")).

3. Analysis

The County Defendants argue that Fairchild failed to comply with the 180-day notice requirement of the ITCA, barring the state law claims against both Deputy Pfefferkorn and the SCSD. Plaintiff responds that the allegations of the second amended complaint, which the Court must take as true at this stage of the litigation, raise factual questions as to whether Fairchild complied with Indiana's tort claim notice requirements." (Second Am. Compl. Count III ¶¶s 21, 23-25). More specifically, Fairchild asserts that the purpose of the notice requirement has been satisfied by her allegations of substantial compliance, waiver, or estoppel.

Under the ITCA, a claim against a political subdivision is barred unless notice is filed within 180 days after the loss occurs. Ind. Code § 34–13–3–8. The head of a political subdivision, like a sheriff, must be given notice within 180 days as well. *See Teague v. Boone,* 442 N.E.2d 1119, 1120 (Ind. Ct. App. 1982). Compliance with the ITCA's notice provisions is not a statute of limitations, but rather a "conditional precedent to filing suit" and a "procedural precedent which the plaintiff must prove and which the trial court must determine before trial." *Davidson v. Perron,* 716 N.E.2d 29, 34 (Ind. Ct. App. 1999). If the defendant raises failure to comply with the ITCA's notice requirements as an affirmative defense, the burden then shifts to the plaintiff to prove its compliance. *Id.; Wright v. Elston,* 701 N.E.2d 1227, 1233 (Ind. Ct. App. 1998). If a plaintiff fails to serve notice within 180 days of his loss, "the suit is barred and entry of summary judgment on behalf of the defendant is appropriate." *Wright,* 701 N.E.2d at 1233. In constructing the notice requirements, Indiana courts have drawn a distinction between the substance of the notice given and its timeliness. While the notice statute is to be liberally construed as to whether the notice is

sufficiently definite as to the time, place, and nature of the injury, it is to be strictly construed as to giving timely notice to the proper officers. *Daugherty v. Dearborn Cnty.,* 827 N.E.2d 34, 36 (Ind. Ct. App. 2005) (citations omitted). Therefore, a substantial compliance doctrine has developed in construing the sufficiency of the notice that has not been expanded to the timely filing requirement. *See Boushery v. City of Indianapolis,* 931 N.E.2d 892, 895 (Ind. Ct. App. 2010) (noting that a notice will generally substantially comply with the ITCA if, among other things, it was filed within the required time period).

Substantial compliance with the notice requirements may suffice when "the purpose of the notice requirement is satisfied." *Murphy v. Ind. State Univ.*, 153 N.E.3d 311, 318 (Ind. Ct. App. 2020). This is a fact-specific determination and when a plaintiff fails within the 180 days "to file any notice of an intent to make a claim, actual knowledge of the occurrence on the part of the [governmental entity], even when coupled with an investigation of the occurrence, will not suffice to prove substantial compliance." *Id.* "The question of compliance is not a question of fact for the jury but ultimately a legal determination to be made by the court." *Indiana State Highway Comm'n v. Morris*, 528 N.E.2d 468, 471 (Ind. 1988)

Here, the allegations of the Second Amended Complaint do not indicate that Plaintiff filed *any* notice, much less one that substantially complies with the purpose of the notice requirement. Rather, the complaint's factual allegations assert that the County Defendants had actual notice of the facts and circumstances of the accident and thus, Plaintiff argues that the failure to file a formal notice of any type is excused. This is simply not the law. Indeed, the Indiana Supreme Court has repeatedly held that "'mere actual knowledge of an occurrence, even when coupled with routine investigation, does not constitute substantial compliance.'" *Schoettmer v. Wright*, 992 N.E.2d 702, 707 (Ind. 2013) (quoting *Morris*, 528 N.E.2d 468, 470 (Ind. 1988)); *see also Brown v.*

*Alexander,* 876 N.E.2d 376, 384 (Ind. Ct. App. 2007) ("Our [C]ourts have consistently held that knowledge of claimant's injury, and even an opportunity to investigate, are insufficient to satisfy the requirement of notice."), *trans. denied*; *Fowler v. Brewer*, 773 N.E.2d 858, 865 (Ind. Ct. App. 2002) (holding "actual knowledge of the occurrence on the part of the political subdivision or an employee of the political subdivision does not satisfy the notice requirement of the [Tort Claims Act]"). Although SCSD and Deputy Pfefferkorn no doubt knew of the events leading up to Plaintiff's claim, that knowledge would not, by itself give rise to substantial compliance with the ITCA,

That leaves Plaintiff's allegations of waiver and estoppel. Plaintiff concedes that the County Defendants promptly asserted and thus, did not waive, their objection to compliance with the ITCA. But Plaintiff has also alleged that estoppel excuses her compliance.

"The party claiming equitable estoppel must show its '(1) lack of knowledge and of the means of knowledge as to the facts in question, (2) reliance upon the conduct of the party estopped, and (3) action based thereon of such a character as to change his position prejudicially.'" *Schoettmer v. Wright*, 992 N.E.2d 702, 709 (Ind. 2013) (quoting *Story Bed & Breakfast LLP v. Brown Cnty. Area Plan Comm'n,* 819 N.E.2d 55, 67 (Ind. 2004) and *City of Crown Point v. Lake Cnty.*, 510 N.E.2d 684, 687 (Ind.1987)). Equitable estoppel will not apply unless there is "clear evidence that its agents made representations upon which the party asserting estoppel relied." *Id.* The burden to produce that evidence rests upon the party claiming estoppel. *Id.*

The County Defendants argue that although Plaintiff pleads that she had no knowledge of their involvement and had no basis upon which to obtain that knowledge within 180 days, the Plaintiff has produced no evidence in response to their motion that the County Defendants did anything affirmative upon which she relied that prevented her from complying with the notice. But

8

that, as Plaintiff argues, should be fleshed out in discovery. Defendants argue that discovery is unnecessary because the facts to establish estoppel should already be known to the Plaintiff. Maybe, maybe not. But even if she had offered evidence in response to the motion to dismiss, the Court would have converted the motion to dismiss into one for summary judgment. That is not where this case stands. Plaintiff was not required to plead around the County Defendants' affirmative defenses. Plaintiff set forth a plausible factual basis for her legal position that she was not required to comply with the ITCA. That was all she need do. Although the Court is skeptical that Plaintiff can prove that position at summary judgment, at this point, it is premature for the Court to make that determination. Discovery on this issue should be conducted and the Court can then consider, if presented, a properly supported motion for summary judgment by the County Defendants. Accordingly, the Court DENIES the motion to dismiss for failure to comply with the ITCA notice requirements.

## **CONCLUSION**

Based on the above, the County Defendants' Motion to Dismiss (ECF No. 40) is DENIED.

SO ORDERED on April 21, 2025

                                              s/ *Holly A. Brady*
                                              CHIEF JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT